UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| LANDON T. HARBERT, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:17-CV-406 PPS-MGG |
| | ) | |
| KATHY GRIFFIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Landon T. Harbert, a prisoner without a lawyer, alleges that the defendants were deliberately indifferent to an inhumane condition of confinement in violation of the Eighth Amendment. Harbert, an inmate at the Miami Correctional Facility, was using a "pull-down" weight machine there to exercise on September 10, 2015. While he was lifting approximately one hundred seventy pounds, the cable cord of the machine broke. The machine's thirty-pound handle bar fell onto his head, knocking him temporarily unconscious. ECF 5 at 2–3. As a result of the accident, he was diagnosed as having "serious" medical needs and was unable to exercise for one year. He states he "continues to suffer head, back, neck, and nerve pain, muscle spasms, bouts of dizziness and losses of sensation in left hand." ECF 5 at 5.

Plaintiff alleges defendants knew the "pull-down" machine posed a risk to inmates, as defendant Kenworthy had in the past "observed individuals standing on the weight blocks of the machine," placing stress on the cables. ECF 5 at 3. Plaintiff further alleges the defendants' practice of inspecting machines twice per day was not

reasonable in light of Kenworthy's knowledge of this machine's condition. ECF 5 at 6.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Eighth Amendment requires prison officials "must provide humane conditions of confinement . . . and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). However, a prison official is liable under the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities." *Id.* at 834. The Eighth Amendment only protects prisoners from conditions that "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). In other words, "[a]n objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and

citations omitted).

In *Christopher v. Buss*, a state inmate who suffered a permanent eye injury during an intramural softball game brought an Eighth Amendment claim, arguing that prison officials' failure to correct a "protrusive lip" on the playing field was deliberate indifference to his health and safety. *Id.* The Seventh Circuit held that even if the officials knew of the hazardous field condition and disregarded it, such a condition was not "objectively serious enough to implicate the Eighth Amendment." *Id.* The court continued, "[t]o say that 'exposure' to such a field could violate the Eight Amendment would be to imply that prison officials violate the Eighth Amendment by letting inmates play sports at all, because the risk of injury, even serious injury, is inherent." *Id.* Similarly, in *Gray v. McCormick*, 281 Fed. App'x 592 (7th Cir. 2008), a prisoner was injured when a loose shower seat fell and struck his foot. Prison officials had known of the loose seat for at least two weeks prior to the incident, and had not informed inmates of the hazard. *Id.* at 593. The court held that the faulty shower seat did not create a substantial risk of serious harm. *Id.* at 594.

Because the conditions described in this Complaint do not rise to those that "exceed contemporary bounds of decency," Plaintiff does not state a claim for relief under the Eighth Amendment, and the Complaint must be dismissed. Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan*

3

*Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). As the Plaintiff's Complaint is very thorough in its allegations of the facts surrounding this claim, further amendment would be futile.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** on February 13, 2018.

/s Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT